UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHS REALTY INC,** <br><br> *Plaintiff* <br><br> **VERSUS** <br><br> **GENERAL STAR INDEMNITY CO,** <br><br> *Defendant* | **CIVIL ACTION NO.** <br><br><br> **JUDGE** <br><br><br> **MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, General Star Indemnity Company ("General Star"), and, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby removes the lawsuit entitled "*WHS Realty Inc v. General Star Indemnity Co*", Docket No. 197869, Division "E" on the docket of the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana (the "Lawsuit"), to the United States District Court for the Eastern District of Louisiana, and shows unto this Court as follows:

**1.**

Plaintiff, WHS Realty Inc ("Plaintiff"), instituted the Lawsuit by filing a *Petition for Damages* (the "*Petition*") on August 25, 2023, in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. Copies of all process, pleadings and orders served on General Star are attached hereto as Exhibit "1."

**2.**

This *Notice of Removal* is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**3.**

The Lawsuit is removed on grounds of 28 U.S.C. § 1332 diversity of citizenship jurisdiction.

PD.43691622.1

- 2 -

## COMPLETE DIVERSITY OF CITIZENSHIP

**4.**

Despite bringing suit as "WHS Realty, Inc", Plaintiff is actually a Louisiana Limited Liability Company named "WHS Realty, LLC." *See,* Exhibit "2," Louisiana Secretary of State details for Plaintiff. Plaintiff is a Louisiana Limited Liability Company, with two members: Nancy St. Martin and William H. St. Martin, MD. *See, id.* Upon information and belief, both members are domiciled in and citizens of Terrebonne Parish, Louisiana. Therefore, Plaintiff is a citizen of the State of Louisiana. *See, Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (limited liability companies are citizens for diversity purposes in all domiciles of their members).

**5.**

General Star is a Delaware corporation with its principal place of business in Stamford, Connecticut, and is thus a citizen of a state other than Louisiana. *See*, Exhibit "3," Louisiana Department of Insurance Details for General Star.

**6.**

There is a complete diversity of citizenship between Plaintiff and General Star.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

**7.**

Plaintiff allegedly owns the properties located at 812 and 818 Verret Street, Houma Louisiana 70360 (the "Properties"). *See*, Exhibit 1, *Petition*, at Paragraph 3.

**8.**

General Star issued to Plaintiff an insurance policy bearing Policy No. IMA393608 (the "Policy"), which provides certain insurance coverage for loss of or damage to the Properties,

subject to the Policy's terms, conditions, limitations, and exclusions. *See,* Exhibit 1, *Petition*, at Paragraph 3.

**9.**

Plaintiff claims damages for all amounts due under the Policy, statutory penalties, and attorneys' fees arising out of its claims for Hurricane Ida-related damage to the Properties. *See*, Exhibit 1, *Petition*, at Paragraphs 7-15 and *Prayer for Relief*.

**10.**

When a complaint does not identify a specific amount of damages, the removing party can establish the requisite jurisdictional amount in controversy by setting forth the facts to support a finding of the requisite jurisdictional amount. *See, Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

**11.**

As of the date of filing, General Star has paid Plaintiff a total sum of $19,400.06 for damage to Buildings 1 and 2 under the Policy for Hurricane Ida-related damage to the Properties.

**12.**

Plaintiff has submitted two estimates for $110,885.30, consisting of $46,300 for the roof and $64,585.30 for the interior of the Properties, which were prepared by Alligator Contractors Group, LLC. *See,* Exhibit "4," Alligator Contractors Group, LLC Estimates.

**13.**

Based on the prior payments and the applicable deductibles, Plaintiff claims at least $80,425.24 ($110,885.30 Alligator Contractors Group, LLC Estimates less $19,400.06 Prior Payments less $11,060 Windstorm Or Hail Deductibles) in remaining contractual damages.

14.

Plaintiff also claims that it is entitled to statutory penalties and attorney's fees pursuant to La. R.S. § 22:1892 for General Star's alleged failure to make adequate payment for Hurricane-Ida related damage to the Property. *See*, Exhibit 1, *Petition*, at Paragraphs 11-15.

15.

Based on the above, Plaintiff claims total damages of $80,425.24 in contractual damages, plus extra-contractual penalties and attorney's fees.

16.

The damages Plaintiff seeks to recover exceed $75,000.

**REMOVAL IS PROPER**

17.

The amount in controversy exceeds the requisite jurisdictional amount of $75,000.

18.

This is a civil action over which this Court currently has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which is removable to this Court pursuant to 28 U.S.C. § 1441(a), in that this action is between citizens of different states. Therefore, pursuant to 28 U.S.C. § 1441, this case may be removed from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

19.

A copy of this *Notice of Removal* has been filed this day with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, as provided by law, and is being served upon all counsel of record. A copy of the *State Court Notice of Removal* to the

Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, is attached hereto as Exhibit "5."

## REMOVAL IS TIMELY

**20.**

The notice of removal of a civil action or proceeding shall be filed within thirty days from the defendant's actual receipt of a copy of the *Petition*. *See*, 28 U.S.C. § 1446(b). *See also*, *Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Group*, 166 F. Supp. 2d 511, 513 (E.D. La. 2001).

**21.**

When a foreign defendant, such as General Star, is served with process through a statutory agent, such as the Louisiana Secretary of State, the thirty-day period in which the defendant can remove commences on the defendant's actual receipt of a copy of the pleading, not upon service on the statutory agent. *See*, *Hibernia Cmty. Dev. Corp.*, 166 F. Supp. 2d at 513.

**22.**

Removal is timely under 28 U.S.C. § 1446(b)(1) because Plaintiff served General Star, a foreign defendant, through General Star's statutory agent, the Louisiana Secretary of State, on October 20, 2023; the Secretary of State placed a copy of the *Petition* in the U.S. Mail to General Star on October 23, 2023; and General Star first received a copy of the *Petition* on October 24, 2023, within 30 days of this *Notice of Removal*. *See,* Exhibit 1 at Return of Service.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, General Star prays that this *Notice of Removal* be deemed good and sufficient as required by law, that the captioned matter be removed from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the United States District Court for the

Eastern District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof, issuing all necessary orders and granting all general and equitable relief to which General Star is entitled, and that all further proceedings in the state court be discontinued.

                                                                     Respectfully submitted,

                                                                     **PHELPS DUNBAR LLP**

BY:   */s/ Ryan P. Telep*
        Pablo Gonzalez (Bar No. 29215)
        Ryan P. Telep (Bar No. 37892)
        Canal Place | 365 Canal Street, Ste. 2000
        New Orleans, Louisiana 70130-6534
        Telephone: 504-566-1311
        Facsimile:  504-568-9130
        Email: pablo.gonzalez@phelps.com
                ryan.telep@phelps.com

**ATTORNEYS FOR DEFENDANT,
GENERAL STAR INDEMNITY COMPANY**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing *Notice of Removal* which has been served upon all counsel of record by placing same in the United States mail, properly addressed and first-class postage prepaid and/or *via* electronic mail and/or facsimile on this 20th day of November, 2023.

                                          */s/ Ryan P. Telep*
                                          Ryan P. Telep (Bar. No. 37892)